STUCKY, Judge
(concurring in the result):
I concur in the result and much of the majority’s analysis. I write separately only to state that I do not understand the majority opinion to require military judges, in cases like this one, to engage in a particularized analysis of the reliability of hearsay statements.
In 2004, the Supreme Court changed the ground rules for the admission of such statements. Crawford v. Washington, 541 U.S. 36, 61, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Before Crawford, an unavailable witness’s statements against a criminal defendant were not barred from admission if they bore “adequate indicia of reliability.” Ohio v. Roberts, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). “To meet that test, evidence must either fall within a ‘firmly rooted hearsay exception’ or bear ‘particularized guarantees of trustworthiness.’ ” Crawford, 541 U.S. at 40, 124 S.Ct. 1354 (quoting Roberts, 448 U.S. at 66, 100 S.Ct. 2531).
In Crawford, the Supreme Court overruled Roberts. Whorton v. Bockting, — U.S. -, 127 S.Ct. 1173, 1179, 167 L.Ed.2d 1 (2007); Crawford, 541 U.S. at 60, 67, 124 S.Ct. 1354. The Confrontation Clause “commands, not that evidence is reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination.” Crawford, 541 U.S. at 61, 124 S.Ct. 1354. Thus, a declarant’s testimonial statements are barred from admission unless the declarant testified at trial or was unavailable to testify and the accused had a prior opportunity for cross-examination. 2 Stephen A. Saltzburg et al., Military Rules of Evidence Manual § 801.02[l][a][ii] (6th ed.2006). In Bockting, the Supreme Court explained that nontestimonial hearsay may be admitted even if it lacks indicia of reliability. Bockting, 127 S.Ct. at 1183. Of course, such evidence would still be subject to the rules of evidence.
The evidence at issue in Appellant’s case — RC’s out-of-court statements to Ms. Moultrie — was testimonial. Nevertheless, because RC testified at Appellant’s court-martial, Confrontation Clause concerns were satisfied. As a necessary corollary to the Bockting rule, I understand that once these concerns are satisfied, testimonial evidence is to be treated in the same manner as non-testimonial evidence — it is admissible, subject only to the rules of evidence. As required by Military Rule of Evidence 803(4), the military judge found that RC made the statements to Ms. Moultrie for the purpose of diagnosis or treatment and had some expectation of receiving a medical benefit as a result. See United States v. Ureta, 44 M.J. 290, 297 (C.A.A.F.1996). Those findings of fact are not clearly erroneous. Therefore, the military judge did not abuse his discretion in admitting this evidence.